FILED
2022 Apr-14  PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANKENMUTH MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:22-cv-00224-RDP** |
| **TAYLOR BURTON CO., INC.,** a corporation, **BLAKE PITTMAN,** an individual, **RYAN GOOLSBY,** an individual, and **2805 WISTERIA DRIVE, LLC,** a limited liability company, | ) ) ) ) ) ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## OPPONENT'S RESPONSIVE SUBMISSION IN RESPONSE TO EXHIBIT B OF THE COURT'S ORDER

COMES NOW Frankenmuth Mutual Insurance Company (hereinafter "Frankenmuth") and files its response to Taylor Burton Co., Inc.'s and Blake Pittman's (collectively, "Defendants" or "insureds") Motion to Dismiss or Stay[1] ("Motion") showing this Court as follows that Defendants' Motion should be denied in all respects:

## INTRODUCTION

Frankenmuth brought this declaratory judgment action requesting that the Court find Frankenmuth has no duty to defend and no duty to indemnify its insureds for a lawsuit. Frankenmuth agreed to provide its insureds with a defense, subject to a reservation of rights. The dispositive issues are whether the alleged claims in the underlying litigation a) constituted an occurrence, and b) are precluded by several exclusions.

---

[1] See Doc. 7.

To delay resolution on the merits and extend the defense of the underlying lawsuit, Defendants argue that a portion of this action is not ripe for review.  Defendants argue the Court cannot rule on whether Frankenmuth has a duty to indemnify the Defendants because the underlying lawsuit has not been adjudicated, such that it is not clear whether the insureds will face any liability.  The basis upon which Frankenmuth is seeking a determination of non-coverage does not depend on the outcome of the underlying lawsuit, however.  It cannot reasonably be disputed that Frankenmuth's occurrence defense would bar a duty to indemnify; regardless of what happens in the underlying litigation.  Therefore, if the Court finds Frankenmuth has no duty to defend the Defendants, it will likewise be able to rule that there is no duty to indemnify the Defendants, as the duty to defend is much broader than the duty to indemnify.  Consequently, the Court should retain jurisdiction over the question of indemnity.

For these reasons, Frankenmuth respectfully requests that the Court deny Defendants' Motion.

## FACTUAL BACKGROUND

This is an insurance coverage declaratory judgment arising out of claims asserted by Ryan Goolsby and 2805 Wisteria Drive, LLC (collectively referred to herein as "Goolsby"), in connection with an underlying lawsuit Goolsby filed against Defendants, and others in the Circuit Court of Jefferson County, Alabama, said litigation being further identified as case number 01-CV-2022-900090.  The underlying litigation asserts that there was a slope failure at a construction site and that the slope failure was due to the Defendants' actions.

Frankenmuth issued an insurance policy to Taylor Burton, said policy being

further identified as policy number 6648958.   Frankenmuth filed this declaratory

judgment action, the declaratory judgment action is predicated on the fact that the

underlying complaint's claims do not constitute an occurrence and are precluded based

upon the following exclusions, a) professional service, b) your product, c) your work, and

d) damage to property.   As a result, these coverage issues are pure questions of law.

Thus, for the reasons stated herein, Defendants' Motion should be denied.

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

**I.      The Duty to Indemnify is Indeed Ripe in Declaratory Judgment Actions.**

Alabama state and federal courts regularly decide both the duty to defend and

duty to indemnify in declaratory judgment actions before the underlying case is tried.

For example, in <u>Tapscott v. Allstate Ins. Co.</u>, 526 So. 2d 570 (Ala. 1988), the

plaintiff sued the insured for false arrest and the tort of outrage.   The court held as a

matter of law that Allstate had no duty to defend or indemnify the insured because the

underlying claims alleged intentional conduct.   *Accord*, <u>Auto-Owners Ins. Co. v. Am.</u>

<u>Central Ins. Co.</u>, 739 So. 2d 1078, 1081 (Ala. 1999) (no indemnity for fraternity hazing);

<u>McCauley v. Estes</u>, 726 So. 2d 719, 720 (Ala. 1998) (no indemnity for claim of invasion

of privacy by videoing a female showering).   The federal courts have reached similar

outcomes. In <u>Atain Specialty Ins. Co. v. H&W Logistics, Inc.</u>, the defendants contended

that the case was due to be dismissed or stayed because the duty to indemnify was not

ripe for determination due to the pendency of the underlying litigation.   2012 WL

13019069, at *2 (N.D. Ala. July 11, 2012) (unreported) (Proctor, D.J.).   In <u>Atain</u>, the

carrier, like Frankenmuth, was defending under a reservation of rights.   This Honorable

Court held that because a reservation of rights defense was being afforded, the claim

seeking a declaration of the insurer's duty to defend was ripe for determination. Id. The Court further held that a "determination favorable to [insurer] on the duty to defend would in all likelihood resolve the issue of the duty to indemnify." Id. Cf. Allstate Ins. Co. v. Wood, 2006 WL 8436592 (N.D. Ala. June 22, 2006) (slip opinion) (Acker, D.J.) (no duty to indemnify because homeowners auto exclusion precluded coverage for injuries arising from an ATV). Accord, Horace Mann Ins. Co. v. McGee, 840 F. Supp. 875 (M.D. Ala. 1994) (no coverage for a sexual molestation suit); Horace Mann Ins. Co. v. Fore, 785 F. Supp. 947 (M.D. Ala. 1992) (no duty to indemnify on molestation claim because it was not an "education activity" under the insuring agreement and fell within the criminal acts exclusion); State Farm Fire & Cas. Co. v. Sexton & Sexton, Inc., 985 F. Supp. 1336 (M.D. Ala. 1997) (no duty to indemnify because putative insured did not meet the definition of "insured" and the suit did not claim covered damages); State Farm Fire & Cas. Co. v. Middleton, 65 F. Supp. 2d 1240, 1249 (M.D. Ala. 1999) (no duty to indemnify under a homeowners policy for intentional interference, wantonness and conspiracy). See also State Farm Mut. Auto. Ins. Co. v. Loving, 2015 WL 5315423, at *2 (N.D. Ala. Sept. 11, 2015) (unreported) (Blackburn, S.J.) (citing Employers Mut. Cas. Co. v. Evans, 76 F. Supp. 2d 1257, 1262 (N.D. Ala. 1999) (Propst, S.J.) ("[A] determination that there is no duty to defend may well determine the duty to indemnify issue. Both discretion and common sense mandate that the court retain jurisdiction at least until the duty to defend issue is determined[.]")

## II.     Existence of Duty to Indemnify is Ripe for Determination.

Defendants argue that Frankenmuth's Complaint for Declaratory Judgment is premature. In evaluating a motion to dismiss, the Court should accept the allegations

contained in the plaintiff's complaint as true.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984).   Under this standard, the Court should also draw all inferences of fact in favor of the plaintiff.  See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

The issues of whether Frankenmuth has a duty to defend Taylor Burton Co., Inc. and/or Blake Pittman and whether Frankenmuth has a duty to indemnify are ripe for adjudication. Taylor Burton Co., Inc. and Blake Pittman concede the issue of whether there is a duty to defend is ripe.  (Doc. 7, p. 2 ("The parties have discussed the Motion and agree that Frankenmuth's request for declaration as to its duty to defend is ripe.") Likewise, the issue of whether there is a duty to indemnify Taylor Burton Co., Inc. and/or Blake Pittman is ripe for this Court's determination because the bases on which Frankenmuth seeks a declaration of no coverage are not dependent on the outcome of the underlying litigation.  Therefore, there is no reason to await the outcome of that litigation, and indeed, it would prejudice Frankenmuth to do so.  Moreover, should this Court find there is no duty to defend, it should also rule there is no duty to indemnify, as there cannot be a duty to indemnify an insured if the broader duty to defend does not exist. These reasons are discussed more fully below.  Atain, 2012 WL 13019069, at *2 (N.D. Ala. July 11, 2012) (unreported) (Proctor, D.J.).

**A.      Frankenmuth's Declaratory Judgment Action is not dependent on the outcome of the arbitration proceeding.**

Tellingly, in the cases Defendants cite for the proposition that the issue of indemnity is premature when the underlying suit is pending; the coverage issues were dependent on the outcome of the underlying litigation.

Conversely, in this case, the coverage issues will not turn on the outcome of the underlying litigation. Therefore, the Court should rule on both the duty to defend and indemnify. Courts routinely rule there is no duty to defend or indemnify an insured where an insurer raises other coverage issues that are not dependent on the outcome of the underlying litigation. See, e.g., Philadelphia Indem. Ins. Co. v. AGCO Corp., 2012 WL 1005030, at *4-5 (N.D. Ga. Mar. 23, 2012) (unreported) (finding insurer had no duty to defend or indemnify insured because: a) claim arose before policy period, b) the insured failed to disclose known potential for a claim on its application, and c) the conduct of the insured that was subject of the underlying litigation was intentional and thus not covered, none of which depended on a determination from the underlying litigation); Maryland Cas. Co. v. Florida Atlantic Orthopedics, P.L., 2012 WL 573358, at *1 (11th Cir. Feb. 22, 2012) (affirming district court's conclusion that provision in policy excluding injuries arising out of medical services provided by insured barred coverage for claim against insured arising from failure to successfully transport a patient to emergency room following an unsuccessful surgery, resulting in patient's death, such that insurer had no duty to defend or indemnify insured).

Because none of the coverage issues raised by this action turn on a determination that may be made in the underlying litigation, the Court should retain jurisdiction over both the defense and indemnity aspects of this litigation. To rule otherwise would actually create piecemeal litigation, rather than avoid it, as Frankenmuth has an unquestioned right to challenge the duty to defend. See, e.g., Pigott v. Sanibel Dev., LLC, 508 F. Supp. 2d 1028, 1031 (M.D. Ala. 2007) (explaining the potential for

piecemeal litigation should be considered in determining whether a federal court should dismiss an action in favor for parallel action).

**B.     Should the Court determine there is no duty to defend; issue of indemnity will be ripe, as there can be no duty to indemnify in absence of duty to defend.**

The question of whether there is a duty to indemnify can never be premature when a court determines there is no duty to defend.  There can be no duty to indemnify if there is no duty to defend, as the duty to defend is broader than the duty to indemnify. See Acceptance Ins. Co. v. Brown, 832 So. 2d 1, 14 (Ala. 2001) (explaining "[i]t is well settled 'that [an] insurer's duty to defend is more extensive than its duty to [indemnify.'") (quoting United States Fid. & Guar. Ins. Co. v. Armstrong, 479 So. 2d 1164, 1168 (Ala. 1985)); Lander & Co. v. Southern Guar. Ins. Co., 347 So. 2d 100, 102 (Ala. 1977) (explaining where allegations in underlying lawsuit illustrate an accident within the policy's coverage, insurer must defend, regardless of the ultimate liability of the insured).

Defendants cite several cases for the proposition that a court cannot declare whether there is a duty to indemnify under a policy of insurance before the underlying case is adjudicated.  A reading of these cases, however, illustrates that their holdings cannot be extended to all declaratory judgment actions.  Several of the cases cited by Defendants are inapposite, as the insurer did not contest that the indemnity claim was not ripe, but merely argued that staying the matter was warranted over dismissal. See Penn-Star Ins. Co. v. Swords, 2017 WL 4180889, *6 (N.D. Ala. Sept. 21, 2017) (unreported) ("Penn-Star seems to admit that the duty to indemnify is not ripe at this point in the litigation.  However, Penn-Star would prefer the Court stay that issue, rather than dismiss

it."); <u>Canal Ins. Co. v. Cook</u>, 564 F. Supp. 2d 1322, 1325 (M.D. Ala. 2008) ("[D]uring an on-the-record conference call held on July 9, 2008, counsel for Canal Insurance acknowledged that its request for a declaration on its duty to indemnify is not ripe[.]"); <u>Pennsylvania Nat. Mut. Cas. Ins. Co. v. King</u>, 2012 WL 280656, *5 (S.D. Ala. Jan. 30, 2012) (unreported) ("Plaintiff does not, and cannot, dispute that the duty-to-indemnify issue joined in this action is not yet ripe because there has been no liability determination in the underlying suit."). In <u>Essex Ins. Co. v. Foley</u>, 2011 WL 1706214 (S.D. Ala. May 5, 2011 (unreported) (The respective parties moved for summary judgment as to the duty to defend only, and the district court denied all motions).

Where a court finds there is <u>no</u> duty to defend, however, it should not decline to rule on the duty to indemnify, as there can never be a duty to indemnify if there is no duty to defend. <u>See, e.g.</u>, <u>Hermitage Ins. Co. v. Champion</u>, 2010 WL 1711049, *5 (M.D. Ala. Apr. 27, 2010) (explaining because insurer "was under no duty to defend [the insured] against the [underlying plaintiff's] state-court complaint, [the insurer] was also under no obligation to indemnify [the insured]…"). In <u>Harleysville Mut. Ins. Co. v. Dapper, LLC</u>, the Court, first ruling that the issue of indemnification was premature, ruled there was not duty to indemnify once it determined there was not duty to defend. 2010 WL 2925779, *8 (M.D. Ala. July 21, 2010) (unreported). The court analyzed the duty to defend and found that Harleysville was relieved of any duty to defend. <u>Id.</u> The Court then went on to state "Now that the Court ha[s] made its determination, it is axiomatic that if there is not duty to defend then there is also no duty to indemnify." <u>Id.</u> (quoting <u>American States Ins. Co. v. Bailey</u>, 133 F.3d 363, 368 (5th Cir. 1998) (citing <u>Western Heritage Ins. Co. v. River Entertainment</u>, 998 F.2d 311, 315 (5th Cir. 1993)).

In this case, Frankenmuth believes there is no coverage under the Policy due to the fact that there is no occurrence and through the application of applicable exclusions, the applicability of which can be determined at this point. Should this Court find there is no duty to defend the Defendants, Frankenmuth's indemnity obligations will be ripe for adjudication, as there could not possibly be a duty to indemnify in that case. Consequently, the Court should retain jurisdiction over the question of indemnity.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Frankenmuth respectfully requests that the Court deny Defendants' Motion, and continue to exercise its jurisdiction over all aspects of this litigation.

<strong><u>CERTIFICATION</u></strong>

The undersigned certifies she has diligently sought to submit to the court only those documents, factual allegations, and arguments that are material to the issues to be resolved in this motion/filing; that careful consideration has been given to the contents of this motion/filing to ensure that the motion/filing does not include vague language or an overly broad citation of evidence or misstatements of the law; and that this motion/filing is not frivolous in nature.

Respectfully submitted,

/s/ Kori L. Clement
Kori L. Clement (CLEMK5125)
Attorney for Frankenmuth Mutual
Insurance Company

OF COUNSEL
Klasing, Williamson & Burke, P.C.
1601 Providence Park
Birmingham, Alabama 35242
Telephone: (205) 980-4733
Email: clem@harelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2022, I served a copy of the foregoing motion upon all parties to this matter by filing same via the Pacer system which will cause a copy to be electronically served upon all participants in that system, or by placing a copy of the notice in the United States mail to each of the following, properly addressed, with first class postage pre-paid:

Stephen E. Whitehead, Esquire
Jennifer W. Wall, Esquire
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213

/s/ Kori L. Clement
Of Counsel