FILED
2022 May-09  AM 11:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FRANKENMUTH MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:22-cv-00224-RDP** |
| **TAYLOR BURTON CO., INC.,** | ) | |
| **a corporation, BLAKE** | ) | **OPPOSED** |
| **PITTMAN, an individual,** | ) | |
| **RYAN GOOLSBY, an individual,** | ) | |
| **and 2805 WISTERIA DRIVE,** | ) | |
| **LLC, a limited liability company,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**MOVANT'S (FRANKENMUTH) INITIAL SUBMISSION IN RESPONSE TO
EXHIBIT B OF THE COURT'S ORDER**

Counterclaim Defendant Frankenmuth Mutual Insurance Company ("Frankenmuth"), pursuant to Rule 12(b)(6), Fed. R. Civ. P., files this memorandum in support of its motion to dismiss the amended counterclaim complaint (Doc. 20) in the above-styled action.  As grounds, Frankenmuth submits that the amended counterclaim complaint fails to state a claim upon which relief can be made, is not ripe, and violates Rule 9 of the Fed. R. Civ. P.  In support, Frankenmuth states as follows:

**INTRODUCTION**

Frankenmuth filed this suit seeking a declaratory judgment that it does not owe coverage for the claims made against Taylor Burton Co., Inc. and Blake Pittman (hereinafter collectively referred to as "Counterclaim Plaintiffs") by Ryan Goolsby and 2805 Wisteria Drive, LLC (hereinafter collectively referred to as "Goolsby") in a state

court lawsuit ("the Underlying Lawsuit").   Frankenmuth is currently defending the Counterclaim Plaintiffs in the Underlying Lawsuit pursuant to a full reservation of rights.

With their Amended Counterclaim, the Counterclaim Plaintiffs seek to collect damages for alleged bad faith.  The claims of bad faith (and breach of good faith) are due to be dismissed for two reasons.  First, the Counterclaim Plaintiffs fail to sufficiently allege claims of bad faith with the specificity required in Twombly, Iqbal, and their progeny.  Second, any claims of bad faith fail because there was no denial and the Counterclaim Plaintiffs suffered no damages and never could because such damages are not ripe.  For either or both of these reasons, the Counterclaim is due to be dismissed for failure to state a claim upon which relief can be granted and because the claims are not ripe.  Lastly, Counterclaim Plaintiffs' fraud claim not only violates Rule 9, it is nothing more than a restatement of their breach of contract claim.

## PERTINENT FACTS

1.      Goolsby filed a Complaint against the Counterclaim Plaintiffs, and others in the Circuit Court of Jefferson County, Alabama, said litigation being further identified as case number 01-CV-2022-900090.  (Doc. 1-1, pp. 2-16)

2.      Counterclaim Plaintiffs submitted a claim to Frankenmuth for defense and indemnity from the Underlying Lawsuit filed against them by Goolsby. (Doc. 1, Para. 37 and Doc. 20, p. 6, ¶ 37 ("admit"))

3.      The Counterclaim Plaintiffs have admitted that Frankenmuth is currently defending them in the Underlying Lawsuit filed against them by Goolsby under a reservation of rights.  (Doc. 1, p. 31, ¶ 39 and Doc. 20, p. 6, ¶ 39 ("admit"))

4.      In their amended counterclaim the Counterclaim Plaintiffs allege that they have been "damaged" by Frankenmuth's actions.    (Doc. 20, pp. 11-12, ¶ 24) Specifically, the Counterclaim Plaintiffs alleged the following damages, (1) lack of an adequate defense at the Mediation and (2) los[t] opportunity to settle covered claims within Policy limits before litigation. (Doc. 20, p. 12, ¶ 25; p. 13, ¶ 32; p. 13, ¶ 36; p. 14, ¶ 41; p. 15, ¶ 45)

**<u>STANDARD OF REVIEW</u>**

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotations and citations omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  Thus, "only a complaint that states **a plausible claim for relief** survives a motion to dismiss." <u>Id.</u> at 1950 (emphasis added). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." **<u>See</u>** <u>Twombly</u>, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

3

## ARGUMENT

In response to the declaratory judgment action brought by Frankenmuth, an amended counterclaim was filed alleging 1) breach of contract; 2) breach of enhanced duty of good faith; 3) breach of covenant of good faith and fair dealing; 4) bad faith; and 5) misrepresentation and suppression. (Doc. 20, pp. 11-15)  This Court should dismiss the Counterclaim Plaintiffs' amended counterclaim because (1) the Counterclaim Plaintiffs have no standing to bring the amended counterclaim because they have suffered no actual, present damages; (2) Counterclaim Plaintiffs failed to plead special damages with particularity; and (3) the amended counterclaim is not ripe because the Counterclaim Plaintiffs have suffered no  injury because the Underlying Lawsuit has not been adjudicated and Frankenmuth is defending the Counterclaim Plaintiffs under a reservation of rights.

## I.      The Amended Counterclaim Is Not Ripe And Is Due To Be Dismissed.

"An essential component of justiciability is whether the plaintiff has standing to sue, and standing turns on whether the party has suffered an actual injury and whether that injury is to a legally-protected right." Carey v. Howard, 950 So. 2d 1131, 1134 (Ala. 2006).  Ripeness is "'the circumstance existing when a case has reached, but has not passed, the point when the facts have developed sufficiently to permit an intelligent and useful decision to be made.'" Martin v. Battistella, 9 So. 3d 1235, 1241 (Ala. 2008) (citing Ex parte Safeway Ins. Co. of Ala., Inc., 990 So. 2d 344, 353 n. 5 (Ala. 2008) (other citations omitted)).

In their amended counterclaim the Counterclaim Plaintiffs allege that they have been "damaged" by Frankenmuth's actions.  (Doc. 20, pp. 11-12, ¶ 24)  Specifically, the

Counterclaim Plaintiffs alleged the following damages, (1) lack of an adequate defense at the Mediation and (2) los[t] opportunity to settle covered claims within Policy limits before litigation.  (Doc. 20, p. 12, ¶ 25; p. 13, ¶ 32; p. 13, ¶ 36; p. 14, ¶ 41; p. 15, ¶ 45)

The Counterclaim Plaintiffs have no standing to bring their counterclaim because they have not incurred any actual, present damages.  Because there has been no determination of liability in the Underlying Lawsuit and Frankenmuth is presently paying for an attorney to represent the Counterclaim Plaintiffs in the Underlying Lawsuit, the Counterclaim Plaintiffs have suffered no damages; therefore, their claims are not ripe for adjudication.  See Nationwide Mut. Ins. Co. v. East Lake Electric Co., 2009 WL 10703735 (N.D. Ala. Aug. 6, 2009) (unreported) (citing Ex parte Safeway Ins. Co. of Ala., Inc., 990 So. 2d 344, 351 (Ala. 2008). As the Court in East Lake so eloquently stated:

> This case has not reached that point [ripeness] as there is no decision in the underlying litigation and East Lake has only speculated as to what its damages may be.  "Damages can be awarded only where they are reasonably certain and not based upon speculation."  Industrial Chem. & Fiberglass Corp. v. Chandler, 547 So. 2d 812, 820 (Ala. 1988). Because East Lake has suffered no actual damages, it has no standing and the breach of contract and bad faith claims are not ripe for adjudication."

See Nationwide Mut. Ins. Co. v. East Lake Electric Co., 2009 WL 10703735, at *1 (N.D. Ala. Aug. 6, 2009).    Thus, the Counterclaim Plaintiffs' claims against Frankenmuth are due to be dismissed.

## II.    The Counterclaim Plaintiffs Did Not, And Cannot, State A Claim For Bad Faith.

The Amended Counterclaim Complaint contains a bad faith cause of action, 1) bad faith failure to defend a pre-suit mediation, and 2) and bad faith failure to settle.

(Doc. 20, p. 14, Count 4)   The elements of a bad faith claim in Alabama are the following:

a)   An insurance contract between the parties and a breach thereof by the defendant;

b)   An intentional refusal to pay the insured's claim;

c)   The absence of any reasonably legitimate or arguable reason for that refusal;

d)   The insurer's actual knowledge of the absence of any legitimate or arguable reason;

e)   If the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

State Farm Fire & Cas. Co. v. Brechbill, 144 So. 3d 248, 257 (Ala. 2013).

The claim of bad faith is due to be dismissed for three reasons.  First, the Counterclaim Plaintiffs fail to allege any denial.  Second, any claim of bad faith fails because there is no viable claim for breach of contract.  Third, the Counterclaim Plaintiffs suffered no damages.

**A.      Lack of a denial is fatal to any bad faith claim.**

An essential element of any bad faith claim is a breach of the insurance policy, i.e. a denial of coverage – Counterclaim Plaintiffs failed to allege that they requested a defense for the mediation and failed to allege that one was denied.  Counterclaim Plaintiffs have not sued for breach of contract, thus any bad faith claim fails as a matter of law.  Additionally, the Counterclaim Plaintiffs do not allege any denial of coverage by Frankenmuth, because ***no*** denial has been issued in this matter.  Absent a denial, there can be no bad faith.  Dumas v. Southern Guaranty Ins. Co., 408 So. 2d 86 (Ala. 1981) (This Court stated that a cause of action for bad faith refusal to honor insurance benefits accrues upon the event of the bad faith refusal, …).

### B.    Lack of damages is fatal to any bad faith claim.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) ***resulting damages***." Progressive Specialty Ins. Co. v. Smith, 2014 WL 7204875, at *5 (S.D. Ala. Dec. 17, 2014) (emphasis added).

Moreover, special damages must be averred with particularity.  See Southern Med. Health Sys., Inc. v. Vaughn, 669 So. 2d 98, 99 (Ala. 1995); Crommelin v. Montgomery Independent Telecasters, Inc., 194 So. 2d 548 (Ala. 1967).  Because breach of contract is an essential element in a bad faith action, damages are also an essential element to a bad faith action and must be set out and claimed by a plaintiff.  See Poarch v. Alfa Mut. Ins. Co., 799 So. 2d 949, 953 (Ala. Civ. App. 2000); Mixon v. Traywick, 84 So. 2d 760 (Ala. 1956).

Because damages are an essential element of a breach of contract claim, and breach of contract is an essential element of any bad faith claim, there must be damages in order for there to be a viable bad faith claim.  The Counterclaim Plaintiffs alleged the following damages, (1) lack of an adequate defense at the Mediation and (2) los[t] opportunity to settle covered claims within Policy limits before litigation.  (Doc. 20, p. 12, ¶ 25; p. 13, ¶ 32; p. 13, ¶ 36; p. 14, ¶ 41; p. 15, ¶ 45) This pleading fails as a matter of law to set forth damages with specificity and/or ripe damages.  Rule 8 of the Federal Rules of Civil Procedure requires that claimants must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge [] their claims across the line from conceivable to plausible."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because the Counterclaim Plaintiffs have not alleged any facts upon which any relief for a bad faith claim can be granted, the bad faith claims should be dismissed.

     **C.**    **The claimed bad faith damages are not ripe.**

    Count 4 of the Amended Counterclaim is the Counterclaim Plaintiffs' attempt to state a bad faith failure to settle claim – a claim they dropped from their original counterclaim because it was not ripe. Here, the Counterclaim Plaintiffs alleged the following damages, (1) lack of an adequate defense at the Mediation and (2) los[t] opportunity to settle covered claims within Policy limits before litigation. (Doc. 20, p. p. 14, ¶ 41) As to the lack of adequate defense, the Counterclaim Plaintiffs allege no damages, other than the lost opportunity to settle covered claims within Policy limits. It is black letter law "that a bad-faith-failure-to-settle claim does not exist where the insured is subject to no personal loss from a final judgment.´ Federal Ins. Co. v. Travelers Cas. & Sur. Co., 843 So. 2d 140, 141 (Ala. 2002) (citing Evans v. Mutual Assurance, Inc., 727 So. 2d 666 (Ala. 1999)). The lack of personal exposure to an excess verdict is fatal to their claim. "[T]he absolute requirement for a cause of action for wrongful failure to settle is not a judgment in excess of policy limits (although this often weeds out such claims) but personal loss to the insured." Penn. Nat'l Mut. Cas. Ins. Co. v. Ipsco Steel (Alabama), Inc., 2008 WL 192972, at*3 (S.D. Ala., Jan. 21, 2008).

    Here, because no judgment has yet been entered in the Underlying Lawsuit, no claim for bad faith failure to settle has accrued. As the Court in Nationwide Mut. Ins. Co. v. East Lake Electric Co. Inc. stated:

> "In cases involving negligent or bad faith failure to settle, 'the cause of action does not accrue until the litigation is over because the insured has not been injured until there is a final judgment for damages in excess of the policy limits.' <u>Boyd Bros. Transp. Co., Inc. v. Fireman's Fund Ins. Cos.</u>, 540 F. Supp. 579, 582 (M.D. Ala. 1982) (citing <u>Hartford Accident & Indem. Co. v. Cosby</u>, 173 So. 2d 585, 590 (Ala. 1965))."

2009 WL 10703735, 2 (N.D. Ala. Aug. 6, 2009) (unreported).

Moreover, merely refusing to settle a claim does not provide factual support for their claim. "[T]he enhanced obligation [of good faith] exists because of the insurer's retained right to refuse indemnity, not in spite of it. … When the insurer is defending the insured under a reservation of rights, therefore, it is only logical that '[m]erely refusing to settle does not mean the insurer breached its duty." <u>State Farm and Cas. Co., v Myrick</u>, 611 F. Supp. 2d 1287, 1296-1297 (M.D. Ala. 2009) (quoting <u>Ross Neely Sys. Inc. v. Occidental Fire & Cas. Co. of N.C.</u>, 196 F.3d 1347, 1352 (11th Cir. 1999)). By defending a claim pursuant to a reservation of rights, an insurer does not lose the right to reject settlement, nor is a duty to offer policy limits created. This claim is therefore due to be dismissed.

**III.   The Identically Pled Breach Of Contract and Breach Of Covenant Of Good Faith And Fair Dealing Claims Fail As A Matter Of Law.**

Counterclaim Plaintiffs contend that Frankenmuth breached the insurance contract and its implied covenant of good faith and fair dealing by not providing defense counsel for a pre-suit mediation.

**A.     Alabama law does not require defense counsel be assigned prior to the filing of a lawsuit complaint.**

In Alabama, "[a]n insurance company's duty to defend its insured is determined by the language of the insurance policy ***and by the allegations in the complaint*** giving

rise to the action against the insured." <u>Colony Ins. Co. v. Floyd's Pro. Tree Serv.</u>, 2008 WL 2705123, at *3 (quoting <u>Ajdarodini v. State Auto Mut. Ins. Co.</u>, 628 So. 2d 312, 313 (Ala. 1993))(M.D. Ala. July 9, 2008) (emphasis supplied).  The duty to defend arises when the original complaint alleges facts that fall within the scope of the coverage provided by the policy.  <u>U.S. Fid. & Guar. Co. v. Armstrong</u>, 479 So. 2d 1164, 1168 (Ala. 1985).  In this matter, no lawsuit was filed before the mediation occurred; thus, under Alabama law, no defense was owed.

### B.    Pre-suit mediation is not owed under the policy.

Counterclaim Plaintiffs contend that a pre-suit mediation is the same as "suit" per the insurance policy.  This is incorrect.  In <u>Midmountain Contractor, Inc. v. American Safety Indem. Co.</u>, 2013 WL 5492952 (W.D. Wash. Oct. 1, 2013) a Washington Federal District court held as a matter of law that a pre-suit mediation was not a "suit" and that the insurer did not have a duty to defend the insured at pre-suit mediation even though the policy included alternative disputes procedures within the definition of "suit", similar to the Frankenmuth policy.  The <u>Midmountain Contractor</u> court based its holding on the following language adopted from an insurance treatise:

> Although in the abstract, a mediation proceeding constitutes an alternative dispute resolution proceeding, reading the policy as a whole, only a mediation in the context of an adjudicatory proceeding can trigger an insurer's duty to defend.  This is true for two reasons.  First, absent an adjudicatory proceeding – that is, a proceeding the result of which the insured can become obligated to pay damages – there is nothing to "defend" against.  Second, insureds have the right to enter into mediation proceedings.  The 'consent' requirement, therefore, indicates that in order or a proceeding to trigger a duty to defend, the proceeding must be one to which an insurer can withhold consent.  The only alternative dispute resolution proceeding to which an insurer would need to consent before the insured would have the right to participate is a proceeding that could result in adjudication.

Thus, the breach of contract claims fail as a matter of law.

> **C.** **Refusal to settle as a matter of law is not a breach of the policy.**

The Counterclaim Plaintiffs contend that by not settling at a pre-suit mediation, Frankenmuth breached the covenant of good faith. This argument fails as an insurer's refusal to settle a claim when there is no financial risk to the insured does not constitute a breach of the enhanced duty of good faith. <u>Ross Neely Sys., Inc. v. Occidental Fire & Cas. Co. of N.C.</u>, 196 F.3d 1347, 1352 (11th Cir. 1999). The demand at mediation was for $450,000, however there is potentially two million dollars in coverage; thus, there is no excess exposure to the Counterclaim Plaintiffs. (Doc. 20, p. 9, Para. 5) This demand is within policy limits. (Doc. 1-2, p. 71 of 170 (Commercial General Liability of Limits of $1M) and p. 135 of 170 (Umbrella limits of $1M)) This claim is due to be dismissed as a matter of law.

## IV. There Was No Breach Of The Enhanced Duty Of Good Faith.

Under Alabama law an insurer must take control *of the lawsuit* before an enhanced obligation of good faith will attach. <u>Aetna Cas. & Sur. Co. v. Mitchell Bros., Inc.</u>, 814 So. 2d 191, 195 (Ala. 2001). Here, Counterclaim Plaintiffs do not allege that Frankenmuth assumed control of a lawsuit; rather, Counterclaim Plaintiffs' factual pleadings lead to the opposite conclusion: that Frankenmuth did not take control of the matter pre-suit because it did not assign defense counsel. <u>L&S Supply Co., Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 521 So. 2d 1298 (Ala. (1987) (The Alabama Supreme Court held that an insurance company's duty "to act honestly and in good faith toward the insured" is "enhanced" when the insurer provides its insured a defense to a third-party claim under a reservation of rights). <u>See also</u> <u>Aetna Ca. & Surety Co. v. Mitchell</u>

Brothers, Inc., 814 So. 2d 191, 195 (Ala. 2001) ("[W]hen an insurance company undertakes a defense pursuant to a reservation of rights, it does so under an 'enhanced obligation of good faith' toward its insured in conducting such a defense.") Since the release of the decision in L & S Roofing, whenever an insurer **defends** the insured under a reservation of rights, the enhanced duty of good faith is read into that reservation of rights.   As no reservation of rights defense was provided at the mediation, this claim fails as a matter of law and is due to be dismissed.

**V.    The Fraud/Suppression Claim Should Be Dismissed.**

    **A.    The fraud claim is merely a restatement of the breach of contract claim.**

The gist of the entire Amended Counterclaim Complaint is that Frankenmuth allegedly breached its contract by not assigning defense counsel for the mediation.   The fraud claim stems from the same alleged facts supporting the breach of contract claims.

The fraud claims are premised on a breach of the contract.   However, fraud claims must be premised on something above and beyond an alleged failure to perform contractual obligations.   "[A] mere failure to perform a contract obligation is not a tort, and it furnishes no foundation for an action on the case." C&C Prods., Inc. v. Premier Indus. Corp., 275 So. 2d 123, 130 (Ala. 1974).   In Brown-Marx Assocs., Ltd. v. Emigrant Savs. Bank, 703 F.2d 1361 (11th Cir. 1983), applying Alabama law, the Eleventh Circuit similarly explained that "[f]ailure to perform a promise is not of itself adequate evidence of intent to support an action for fraud.   A mere breach of a contractual provision is not sufficient to support a charge of fraud." Id. at 1370-71; see also Dickenson v. Land Developers Constr. Co., 882 So. 2d 291, 303-06 (Ala. 2003) (Houston, J., concurring)

("[i]t is clear that to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." (emphasis omitted)). <u>See also</u> <u>Mobile Life Ins. Co. v. Randall</u>, 74 Ala. 170, 176 (Ala. 1883) ("For mere breaches of ordinary contracts, without more, this action will never lie; for, in such breach of promise, there is no element of tort, in the legal sense of that term.").

In <u>Vision Bank v. 145, LLC.</u>, 2011 WL 5289070, at *13 (S.D. Ala. Nov. 4, 2011), the court dismissed a claim for fraudulent suppression where the plaintiff alleged that the bank did not provide required foreclosure notices to the guarantors and other. <u>Id.</u> at *13. The court found this allegation was part of the plaintiff's claim for breach of contract, which alleged that Vision Bank failed to provide proper notice of the foreclosure sale as required under the terms of the Loan Agreement. <u>Id.</u> The court rejected the plaintiff's unilateral relabeling of this breach of contract allegation as one for fraud and dismissed the claim because a mere failure to perform a contractual obligation is not a tort. <u>Id.</u>

Here, the Counterclaim Plaintiffs' allegations for breach of contract and fraud arise out of an alleged breach of the contract between Counterclaim Plaintiffs and Frankenmuth. Counterclaim Plaintiffs have merely repackaged their breach of contract claims and presented it as a fraud claim. Thus, the fraud/suppression claim is due to be dismissed.

      **B.**    **The fraud/suppression claim does not comply with the requirements of Rule 9(b) and should be stricken.**

Rule 9(b) of the Federal Rules of Civil Procedure requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

particularity. While Rule 9(b) does not require that every element be stated with particularity, the plaintiff must use more than generalized or conclusory statements when setting out the alleged fraud. See Lyde v. United Ins. Co., 628 So. 2d 665 (Ala. Civ. App. 1993). In applying Rule 9(b), Courts have uniformly held that the plaintiff alleging fraud must specify, the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained. Applin v. Consumers Life Ins., 623 So. 2d 1094, 1097 (Ala. 1993), *overruled on other grounds*, Boswell v. Liberty Nat'l Life Ins. Co., 643 So. 2d 580 (Ala. 1994); Miller v. Mobile County Bd. Of Health, 409 So. 2d 420, 422 (Ala. 1982). Generalized or conclusory statements of fraud are not sufficient. See McAlister v. Deatherage, 523 So. 2d 387 (Ala. 1988).

In the Amended Counterclaim Complaint, the fraud count fails to state any false misrepresentations; rather, Plaintiff provides merely generalized and conclusory allegations as to the alleged wrongs. The fraud count is silent as to when these alleged misrepresentations were made and fails to state when they were discovered. Moreover, the fraud count fails to state how the Counterclaim Plaintiffs were injured by relying on this alleged statement.

The purpose of Rule 9, which requires that a fraud action be pled with particularity, is to ensure that the defendant has sufficient information to formulate its defenses by putting it on notice of conduct complained of, to protect a defendant from a frivolous lawsuit, to eliminate fraud actions in which all facts are learned after discovery, and to protect a defendant from harm to their goodwill and reputation. See Fed. R. Civ. P. 9(b); U.S. ex rel Stinson, Lyons, Gerlin & Bustamante v. Blue Cross & Blue Shield of

Ga., 755 F. Supp. 1055 (S.D. Ga. 1990). The Courts have reiterated that the primary purpose of rule 9(b) is to provide adequate notice to the opposing party of any claim for fraud so that it may properly prepare its case. See Applin, 623 So. 2d at 1097; Miller, 409 So. 2d at 422. By failing to properly plead their fraud claim, Counterclaim Plaintiffs violate the primary purpose of Rule 9(b). Because the fraud count fails to meet the procedural requirements of Rule 9(b), Frankenmuth respectfully moves this Court to dismiss Count 5. See generally Fed. R. Civ. P. 9(b); Morrison Ass. Co. v. North American Reinsurance Corp., 588 F. Supp. 1324 (N.D. Ala. 1984) (citing State Farm Fire & Cas. Co. v. Fincher, 454 So. 2d 936 (Ala. 1984)).

## CONCLUSION

In the analysis undertaken on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must determine if the Amended Counterclaim Complaint sets forth "enough facts to state a claim for relief that is plausible ***on its face***." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). Here, the Amended Counterclaim Complaint fails to state a claim upon which relief can be granted. Because the lack of damages is a fatal flaw to all of the Amended Counterclaim's claims, any further amendment would be futile, and the Motion to Dismiss is due to be granted. See, e.g., Bolton v. Audubon Ins. Co., 2006 WL 8437864 (S.D. Ala. Oct. 12, 2006); Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility when the complaint as amended is still subject to dismissal).

WHEREFORE, premises considered, Frankenmuth prays this Court will dismiss the Amended Counterclaim in its entirety.

## CERTIFICATION

The undersigned certifies she has diligently sought to submit to the court only those documents, factual allegations, and arguments that are material to the issues to be resolved in this motion/filing; that careful consideration has been given to the contents of this motion/filing to ensure that the motion/filing does not include vague language or an overly broad citation of evidence or misstatements of the law; and that this motion/filing is not frivolous in nature.

Respectfully submitted,

/s/ Kori L. Clement
Kori L. Clement (CLEMK5125)
Attorney for Frankenmuth Mutual
Insurance Company

OF COUNSEL
Klasing, Williamson & Burke, P.C.
1601 Providence Park
Birmingham, Alabama 35242
Telephone: (205) 980-4733
Email: clem@harelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2022, I served a copy of the foregoing motion upon all parties to this matter by filing same via the Pacer system which will cause a copy to be electronically served upon all participants in that system, or by placing a copy of the notice in the United States mail to each of the following, properly addressed, with first class postage pre-paid:

Stephen E. Whitehead, Esquire
Jennifer W. Wall, Esquire
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213

William F. Smith, II, Esquire
Vernis & Bowling of Birmingham, LLC
2021 3rd Avenue North, 2nd Floor
Birmingham, Alabama 35203

/s/ Kori L. Clement
Of Counsel