IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FRANKENMUTH MUTUAL** } | |
| **INSURANCE COMPANY,** } | |
| } | |
| **Plaintiff,** } | |
| } | Case No.: 2:22-cv-00224-RDP |
| v. } | |
| } | |
| **TAYLOR BURTON CO., INC.,** a } | |
| Corporation, **BLAKE PITTMAN,** } | |
| an individual, **RYAN GOOLSBY,** } | |
| an individual, and **2805 WISTERIA** } | |
| **DRIVE, LLC,** a limited liability company, } | |
| } | |
| **Defendants.** } | |

## **MEMORANDUM OPINION**

This case is before the court on Defendants Taylor Burton Company Inc. and Blake Pittman's Motion to Dismiss or Stay with respect to Plaintiff Frankenmuth Mutual Insurance Company's duty to indemnify claim. (Doc. # 7). The motion has been fully briefed (docs. # 14, 17) and is ripe for review. After careful consideration, the court concludes that Defendants' motion (doc. # 7) is due to be granted and, consequently, that the duty to indemnify claim is dismissed without prejudice.

**I.     Background**

This is a declaratory action case. Plaintiff Frankenmuth Mutual Insurance Company ("Frankenmuth") filed suit against its insured, Defendants Taylor Burton Company Inc. and Blake Pittman (collectively, "Taylor Burton"), seeking declaratory judgment that it has no duty to defend or indemnify Taylor Burton in an underlying state court action, styled *Ryan Goolsby et al. v. Taylor Burton, Co. Inc. et al.*, in the Circuit Court of Jefferson County, Alabama (Case No. 01-CV-2022-

900090) ("*Goolsby* Lawsuit").[1] (Doc. # 7-1). In that action, Ryan Goolsby and 2805 Wisteria Drive LLC (collectively "Goolsby") asserted claims of negligence/wantonness, suppression, and fraud against Taylor Burton stemming from certain conduct that Taylor Burton allegedly engaged in while overseeing the construction of a commercial property for Goolsby. (Docs. # 7-2; # 1-2 at 44, ¶ 10).

On February 23, 2022, Frankenmuth issued a coverage letter to Taylor Burton acknowledging that it would defend Taylor Burton in the *Goolsby* Lawsuit, subject to a reservation of rights, pursuant to the Commercial Policy (the "Policy") Frankenmuth issued to Taylor Burton. (Docs. # 1-2; # 7-2). Taylor Burton now moves for an order dismissing or, in the alternative, staying only Frankenmuth's duty to indemnify claim. (Doc. # 7 at 1-2).[2]

**II.     Standard of Review**

A determination of whether a claim is ripe involves a question of subject matter jurisdiction. *Reahard v. Lee County*, 978 F.2d 1212, 1213 (11th Cir. 1992). A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a defense of lack of subject matter jurisdiction. The burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction (*i.e.*, here, Frankenmuth). *Id.* "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Southeast Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (*citing Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1991); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978); *see also Lifestar Ambulance Serv., Inc. v. United*

---

[1] Currently, the state court action is pending resolution by an arbitrator following the Circuit Court's Order granting Taylor Burton's Motion to Compel Arbitration. (Doc. # 7-2).

[2] Taylor Burton does not move to dismiss Frankenmuth's duty to defend claim as both parties -- and the court -- agree that claim is ripe for adjudication. (Doc. # 7 at 2).

*States*, 365 F.3d 1293, 1295 (11th Cir. 2004) (observing that a court may not proceed in the absence of subject matter jurisdiction).

A Rule 12(b)(1) motion may raise either a facial or factual attack. *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Govt. of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). "Facial attacks on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)) (additional citations omitted). On the other hand, "factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In other words, when a party raises a factual attack to subject matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may consider extrinsic evidence such as affidavits. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted).

Additionally, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); Fed. R. Civ. P. Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. Analysis

#### A. Frankenmuth's Duty to Indemnify Claim is not Ripe.

Taylor Burton argues that Frankenmuth's duty to indemnify claim is not ripe for consideration absent a determination of liability in the *Goolsby* Lawsuit and, therefore, the court

lacks subject matter jurisdiction. The court agrees. Applying this analysis, the court *sua sponte* has considered the propriety of dismissal of Frankenmuth's duty to indemnify claim against Defendants Goolsby and 2805 Wisteria Drive, LLC.[3]

Generally, "[an] insurer's duty to indemnify [the insured] is not ripe for adjudication until the underlying lawsuit is resolved." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 776 F. App'x. 768, 770 (11th Cir. 2019); *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1288 (S.D. Ala. 2016) ("[A]n insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action."). Until an underlying suit has resolved questions of an insured's liability, it is not the function of a district court to sit in judgment on "nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir.1960). *See also B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x. 918, 927 (11th Cir. 2014) (citing *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001)) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims.").

Frankenmuth argues (without explanation) that its duty to indemnify claim is ripe because the bases on which it seeks a declaration of non-coverage are not dependent on the outcome of the underlying litigation. (Doc. # 14 at 5). Taylor Burton disagrees, arguing that the coverage issues

---

[3] The court anticipates that Frankenmuth named Goolsby and 2805 Wisteria Drive, LLC as defendants in this declaratory action in the event that judgment is entered in their favor against Frankenmuth's insured and they seek indemnification from Frankenmuth under a direct liability theory. Under Alabama's direct action statute, an injured person cannot bring suit against an insurer until the injured party has obtained a judgment against the insured. *U.S. Fid. v. St. Paul Fire & Marine Ins. Co.*, No. 95-0406-CB-S, 1998 WL 34374427, at *5 (11th Cir. Feb. 25, 1998) (citing *Ohio Cas. Ins. Co. v. Gantt*, 256 Ala. 262, 54 So. 2d 595, 597 (1951)); Ala. Code § 27-23-2. Because Goolsby and 2805 Wisteria Drive, LLC have yet to obtain a judgment against Burton in the underlying action, Frankenmuth's duty to indemnify claim with respect to all parties is not ripe and is due to be dismissed for lack of subject matter jurisdiction.

related to Frankenmuth's duty to indemnify are controlled by the facts currently being developed in the *Goolsby* Lawsuit. (Doc. # 18 at 2).

The Policy covers "property damage . . . caused by an occurrence." (Doc. # 1-2 at 73, ¶ 1.b.(1)). In the *Goolsby* Lawsuit, Goolsby, alleges that Taylor Burton caused damage to property by negligently, willfully, wantonly, and/or recklessly engaging in certain conduct. Whether Taylor Burton engaged in such conduct -- an issue reserved for the arbitrator -- necessarily informs the question of whether Taylor Burton's conduct constitutes an "occurrence" such that Frankenmuth has obligations under the Policy. Moreover, at this point, whether this duty arises is purely speculative because it depends upon the resolution of the Lawsuit. As the court in *American Fidelity & Casualty* noted, "[t]he damage suit[] ha[s] never been tried[,] [n]o one had yet paid or become legally liable to pay[, and] [w]hether anything will be paid or be legally payable, no one, on this record, yet knows." 280 F.2d at 457-58. Until there is a determination as to Taylor Burton's liability, whether Frankenmuth will be called upon to indemnify Taylor Burton is merely a hypothetical question. *See State Farm Fire & Cas. Co. v. Myrick*, No. 206-CV-359-WKW, 2007 WL 3120262, at *3 (M.D. Ala. Oct. 23, 2007) (dismissing plaintiff-insurer's duty to indemnify claim because the existence of such was "an abstract, academic question" pending resolution of the underlying case). *See also Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F.Supp.2d 1205, 1211-12 (S.D.Ala.2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability."). Accordingly, Frankenmuth's claim is not ripe for adjudication.[4]

---

[4] Frankenmuth also argues that the claim related to its duty to indemnify is ripe "should this Court find there is no duty to defend the Defendants." (Doc. # 14 at 9). The issue of whether Frankenmuth owes a duty to defend Taylor Burton, however, is not presently before the court. At this stage in the litigation, the court need only determine whether to dismiss or stay Frankenmuth's duty to indemnify claim. (Doc. # 7).

**B.     Dismissal is Warranted Regarding Frankenmuth's Duty to Indemnify Claim.**

Having found that Frankenmuth's duty to indemnify claim is not ripe, the court must decide whether to dismiss or stay the claim. "District court opinions are all over the map" when addressing this question. *Pennsylvania Nat. Mut. Cas. Ins. Co. v. King*, 2012 WL 280656 at *5 (S.D. Ala. Jan. 30, 2012). As this court and others in the district have previously concluded, however, a stay of an unripe duty to indemnify claim is not appropriate once a federal court determines that it is without subject matter jurisdiction. *Country Mut. Ins. Co. v. Gardner*, No. 6:20-CV-00023-RDP, 2020 WL 4346762, at *3 (N.D. Ala. July 29, 2020) (citing *Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). *See also Canal Ins. Co. v. INA Trucking, LLC*, No. 1:16CV82-MHT-SRW, 2017 WL 1146984, at *7 (M.D. Ala. Mar. 10, 2017) (collecting cases). Because the court lacks subject matter jurisdiction over all of Frankenmuth's duty to indemnify claims, it retains no authority to stay the portion of the action. But, even if it did have that authority, it would exercise its discretion in favor of dismissal without prejudice in lieu of a stay.

**IV.     Conclusion**

For the reasons explained above, Frankenmuth's duty to indemnify claims against all defendants are due to be dismissed without prejudice. A separate order in accordance with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this May 17, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE